**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **JAMES FRANKENFIELD**, | Case No. 1:17-cv-00679-CL |
|     Plaintiff, | |
| v. | DEFENDANTS' MOTION TO PARTIALLY DISMISS UNDER FED. R. CIV. P. 12(b)(6) |
| **REX W. TILLERSON,** in his official capacity as Secretary of State; **BRENDA SAUNDERS SPRAGUE,** in her official capacity as Deputy Assistant Secretary for Passport Services, bureau of Consular Affairs, U.S. Department of States; **ADAM E. FOX,** in his official capacity as Consular Section Chief, U.S. Embassy Tbilisi, Georgia and also individually, | |
|     Defendants. | |

## MOTION

Defendants Rex Tillerson, Brenda Sprague, and Adam Fox move to partially dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). Defendants move to dismiss Count 3 of Plaintiff's complaint alleging a *Bivens* claim against Defendant Adam Fox, and dismiss Plaintiff's Count 4 against all Defendants.[1] Pursuant to LR 7-1(a), undersigned counsel made a good-faith effort to consult with the pro se Plaintiff. Counsel emailed Plaintiff with the grounds for this motion, and Plaintiff responded that he would likely oppose the motion at least in part.

## MEMORANDUM

### FACTUAL BACKGROUND

On May 16, 2005, Plaintiff was issued a U.S. passport in the name James Frankenfield. ECF 1 at ¶ 25, n.7. In May 2011, Plaintiff obtained a state-court decree legally changing his name from James Frankenfield to Greg Cox. ECF 1 at ¶ 19.

---

[1] Pursuant to Fed. R. Civ. P. 12(a)(4)(A), Defendants plan to answer any remaining allegations in Plaintiff's complaint within 14 days of this Court's decision on their motion to partially dismiss. *See Talbot v. Sentinel Insurance Co.*, No. 2:11-cv-1766, 2012 WL 1068763 at * 3-* 5 (D. Nevada March 29, 2012) (collecting cases and concluding that Fed. R. Civ. P. 12(a)(4)(A) applies in the context of a motion to partially dismiss).

Page 2-    DEFENDANTS' MOTION TO PARTIALLY DISMISS;
              *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

In June 2013, using the U.S. passport issued to him in 2005 as James Frankenfield, Plaintiff traveled to the Republic of Georgia and chose to work and reside there. ECF 1 at ¶ 25.

In May 2015, still in Georgia, Plaintiff applied to renew his passport, four days before it expired. ECF 1 at ¶ 26 and n.7. Plaintiff applied using his prior name James Frankenfield, rather than his legal name Greg Cox. *Id*. Plaintiff alleges that he was later instructed to apply in his legal name, but that he "refused" to do so. *Id*. ¶ 35.

On October 3, 2016, the U.S. Embassy in Tbilisi, Georgia denied Plaintiff's passport application. ECF at 28 (Exhibit C to complaint). The denial letter informed Plaintiff that he must "execute a new passport application" using his "legal name of Mr. Greg Cox." *Id*.

On May 1, 2017, Plaintiff filed this action. ECF 1. Plaintiff alleges four counts against Defendants in their official capacities, plus a fifth contingent count for legal fees and costs under the Equal Access to Justice Act. *Id*. Plaintiff's lead two counts allege violations of the Administrative Procedure Act ("APA") with regard to the adjudication of his passport application. *Id*. ¶¶ 62-79. Plaintiff's third count alleges a Constitutional *Bivens* claim against Defendant Fox, in his individual capacity, with regard to the adjudication of the passport application. *Id*. ¶¶ 80-87. Plaintiff's

Page 3-    DEFENDANTS' MOTION TO PARTIALLY DISMISS;
           *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

fourth count seeks mandamus relief compelling Defendants to "adjudicate" his passport application.  *Id.* ¶¶ 88-93.

## LEGAL STANDARDS UNDER FED. R.  CIV. P. 12(b)(6)

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The factual allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party.  *Center for Community Action and Environmental Justice v. BNSF Railway Co.*, 764 F.3d 1019, 1023 (9th Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint may be dismissed when there is "either a lack of a cognizable theory or the absence of sufficient facts alleged under a cognizable legal claim." *BNSF Railway*, 764 F.3d at 1023 (citation omitted).

Dismissal of a *Bivens* claim under Fed. R. Civ. P. 12(b)(6) is appropriate when the claim is based on agency action or inaction reviewable under the APA.  *See*, *e.g.*, *Occupy Eugene v. U.S. General Services Administration,* No. 6:12-cv-2286-MC, 2013 WL 6331013 (D. Or. December 3, 2013) (dismissing *Bivens* claims against federal employees under Fed. R. Civ. P. 12(b)(6));

Page 4-    DEFENDANTS' MOTION TO PARTIALLY DISMISS;
            *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

We*stern Radio Services Co. v. Allen*, No. 6:14-cv-747-AA (D. Or. April 17, 2015) (same).

Dismissal of mandamus claims under Fed. R. Civ. P. 12(b)(6) is appropriate, when a supposed duty is not ministerial, or when another adequate remedy is available. *See Graven v. Obama*, 571 Fed. App'x 612 (April 30, 2014) (memorandum disposition).

## ARGUMENT

### I. This Court should dismiss Plaintiff's third count for *Bivens* relief against Defendant Fox.

Count 3 of Plaintiff's complaint seeks *Bivens* redress against Defendant Fox. *See* ECF 1 at ¶ 87; ECF 1 caption (identifying that Defendant Fox is sued in his individual capacity).

As Defendants explain below, this *Bivens* claim is not viable and must be dismissed under established precedent, because Plaintiff has an alternative, existing process for redress under the APA.

**A. Legal standard for a viable *Bivens* claim.**

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court held that federal officials may be liable for money damages in their individual capacities for violating a person's constitutional rights. Specifically, *Bivens* allowed a plaintiff to bring a damages action in federal court against individual federal

Page 5-    DEFENDANTS' MOTION TO PARTIALLY DISMISS;
         *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

officials for violating the Fourth Amendment, despite the absence of any federal statute authorizing such an action. *See Bivens*, 403 U.S. at 397.

The Supreme Court established a two-step analysis for determining whether a *Bivens* claim is available in a civil action. *Wilkie v. Robbins*, 551 U.S. 437 (2007). First, a court determines whether there is "any alternative, existing process for protecting" the plaintiff's interests. *Id.* at 550. Such an alternative remedy raises the inference that Congress "expected the Judiciary to stay its *Bivens* hand" and "refrain from providing a new and freestanding remedy in damages." *Id.* at 550, 554. Second, if a court cannot infer that Congress intended a statutory remedial scheme to take the place of a judge-made *Bivens* remedy, the court asks whether there nevertheless are "factors counseling hesitation" before devising such an implied right of action. *Id.* at 550.

In light of *Wilkie*, the Ninth Circuit in 2009 held that an APA remedy constitutes an alternative, existing process that bars a *Bivens* claim in a civil action. *Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1125 (9th Cir. 2009). "[T]he APA leaves no room for *Bivens* claims based on agency action or inaction." *Id.* at 1123.

Under the precedent of *Western Radio*, this Court has repeatedly dismissed *Bivens* claims under Fed. R. Civ. P. 12(b)(6) when a plaintiff has

Page 6-   DEFENDANTS' MOTION TO PARTIALLY DISMISS;
          *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

APA claims based on agency action or inaction. *See Occupy Eugene v. U.S. General Services Administration,* No. 6:12-cv-2286-MC, 2013 WL 6331013 (D. Or. December 3, 2013); W*estern Radio Services Co. v. Allen*, No. 6:14-cv-747-AA (D. Or. April 17, 2015).

### B. Plaintiff fails to state a viable *Bivens* claim because Plaintiff has an APA remedy for the agency action or inaction at issue.

Plaintiff's *Bivens* claim against Defendant Fox must be dismissed under Fed. R. Civ. P. 12(b)(6), because Plaintiff has available APA remedies for the government's alleged action or inaction with regard to his passport application. Indeed, Plaintiff's two lead counts are APA claims challenging the government's adjudication of the passport application.

Plaintiff's *Bivens* claim against Defendant Fox is therefore barred. *See Western Radio*, 578 F.3d at 1125; *Occupy Eugene,* No. 6:12-cv-2286-MC, 2013 WL 6331013; W*estern Radio*, No. 6:14-cv-747-AA.

For these reasons, this Court should dismiss Plaintiff's third count.

### II. This Court should dismiss Plaintiff's fourth count for mandamus relief.

Count 4 of Plaintiff's complaint seeks mandamus relief under 28 U.S.C. § 1361 against Defendants. ECF 1 at ¶¶ 88-93. Plaintiff seeks an order compelling Defendants to adjudicate his passport application. *Id.*

Page 7-    DEFENDANTS' MOTION TO PARTIALLY DISMISS;
          *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

As Defendants explain below, this mandamus claim is not viable and must be dismissed for two separate and independent reasons. First, Plaintiff's application has been adjudicated, and granting his application is not a nondiscretionary and ministerial duty. Second, Plaintiff has an adequate remedy available under his APA claims.

### A. Legal Background

Congress granted the district courts mandamus power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. In order to obtain mandamus relief, a plaintiff must show that "(1) [his] claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

"[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citing *Will v. United States*, 389 U.S. 90, 95 (1967)). Mandamus cannot be used to compel or review discretionary acts of government officials. *Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179, 1180 (9th Cir. 1983); W*ilmor v. Boyle*, 403 F.2d 811, 816 (9th Cir. 1968).

Page 8-    DEFENDANTS' MOTION TO PARTIALLY DISMISS;
            *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

### B. Plaintiff's mandamus claim is not viable.

Plaintiff's mandamus claim is not viable for two separate and independent reasons.  First, it is not viable because Plaintiff's passport application has been adjudicated.  Plaintiff's application was denied, and Plaintiff has refused to re-apply for a passport in his legal name.  There is no nondiscretionary, ministerial duty for Defendants to grant Plaintiff's application for a passport in his former name.

Second, Plaintiff's mandamus claim is not viable, because he has an adequate remedy available in the APA claims he is pressing in this very action.  The APA provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Under the APA, a court may compel agency action that is unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).  Under the APA, a court may also find that the actions of an agency are unlawful when they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).

For these reasons, this Court should dismiss Plaintiff's fourth count.

## CONCLUSION

For these reasons, this Court should dismiss Plaintiff's third count for *Bivens* relief against Defendant Fox and Plaintiff's fourth count for mandamus relief against Defendants.

Dated this 14th day of July, 2017.

                                                Respectfully Submitted,

                                                BILLY J. WILLIAMS
                                                United States Attorney
                                                District of Oregon

                                                */s/ Sean E. Martin*
                                                SEAN E. MARTIN
                                                Assistant United States Attorney