James Frankenfield, pro se
snowman@csac.org
3939 South 6th St 172
Klamath Falls, OR 97603
Tel: (877) 604-0166

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[MEDFORD DIVISION]

| | |
|---|---|
| JAMES FRANKENFIELD,<br><br>  Plaintiff,<br><br>  v.<br><br>REX W. TILLERSON, in his official capacity as Secretary of State; and<br><br>BRENDA SAUNDERS SPRAGUE, in her official capacity as Deputy Assistant Secretary for Passport Services, Bureau of Consular Affairs, US Department of State; and<br><br>ADAM E. FOX, in his official capacity as Consular Section Chief[1], US Embassy Tbilisi, Georgia and also individually<br><br>  Defendants. | Case No.: 1:17-00679-CL<br><br>PLAINTIFF FRANKENFIELD'S MOTION FOR PRELIMINARY INJUNCTION AND/OR RELIEF PER 5 USC § 705<br><br>EXPEDITED CONSIDERATION REQUESTED |

---

[1] In various correspondence concerning this matter Mr. Fox has, at different times, signed said correspondence as "Consular Section Chief", "Acting Consular Chief", "Assistant Chief", and perhaps other variations. Regardless of such variations he has been the responsible individual.

MOTION FOR PRELIMINARY INJUNCTION – 1

## LR 7-1 NOTICE

Pursuant to Local Rule 7-1(a) Plaintiff (acting Pro Se) conferred with defendants counsel prior to filing this motion. On August 9, 2017 Plaintiff emailed Mr. Sean Martin, and on August 10, 2017 Mr. Martin indicated that he will oppose this motion.

## MOTION FOR PRELIMINARY INJUNCTION

In accordance with FRCP 65 Plaintiff Frankenfield moves the Court for a preliminary injunction ordering defendants to issue Plaintiff a US Passport or fully equivalent document during the pendency of this case. Such relief is also specifically encouraged in this instance by 5 USC § 705. This motion is based on the complaint and the accompanying memorandum of law. This Preliminary Injunction presents no monetary risks to defendants or to the United States and therefore Plaintiff requests that any bond requirement be waived.

## EXPEDITED CONSIDERATION REQUESTED

Plaintiff has suffered irreparable harm for over two years and continues to suffer serious and irreparable injury. He has been, and is, unable to travel outside of the Republic of Georgia for any reason or purpose. On July 30, 2017 Plaintiff was notified that his 89 year old mother had suffered a fall and been taken to the hospital. As of August 13 she is in an evaluation and recovery facility for a period of time yet to be determined. Plaintiff has not been able to visit with her for over two and a half years and given the current situation it is unclear when, or even if, he will be able to visit her again. In the case of an emergency, which is a possibility at any time, Plaintiff will be unable to travel immediately upon notification as his constitutional rights to travel have been abrogated.

As a pro se litigant he has not been able to fully understand any procedures and/or mechanisms that are used for more immediate relief. A TRO seems inappropriate but expedited

consideration on this Preliminary Injunction is requested. Plaintiff intended to file a motion for relief in July but did not know how to do so before the identity of opposing counsel was known. Upon appointment of Cole Enabnit as his limited counsel the filing was postponed at Mr. Enabnits suggestion pending a response to the original complaint. Defendants' response takes advantage of procedural maneuvering to postpone addressing the fundamental issue of a passport (Counts 1 and 2). Mr. Martin does appear to be making an effort to have his client resolve the matter. Unfortunately this has not progressed satisfactorily and Plaintiff has now been referred back to the consulate and Mr. Fox once again. For two years this has failed to resolve anything as the embassy has been mostly unresponsive and to the extent that they have responded they have been intransigent and arrogant. Plaintiff now requests temporary relief as expeditiously as possible given the ongoing abrogation of his fundamental rights and the significant damages which he continues to suffer, including the inability to visit his elderly ailing mother.

    Plaintiff cannot wait any longer to file this motion given the ongoing injury to his constitutional rights and liberty interests.

    WHEREFORE, Plaintiff Frankenfield prays that Defendants be ordered to issue him a US Passport or temporary full equivalent pending eventual entry by the court of a final judgment in this action. A Proposed Order is included.

Dated: August 14, 2017          Respectfully submitted,

                                    /s/ JamesFrankenfield

                                    James Frankenfield, pro se
                                    snowman@csac.org
                                    3939 South 6th St 172
                                    Klamath Falls, OR 97603
                                    Tel: (877) 604-0166

James Frankenfield, pro se
snowman@csac.org
3939 South 6th St 172
Klamath Falls, OR 97603
Tel: (877) 604-0166

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[MEDFORD DIVISION]

| | |
|---|---|
| JAMES FRANKENFIELD, | Case No.: 1:17-00679-CL |
| Plaintiff, | |
| v. | |
| REX W. TILLERSON, in his official capacity as Secretary of State; and | MEMORANDUM IN SUPPORT OF PLAINTIFF FRANKENFIELD'S MOTION FOR PRELIMINARY INJUNCTION |
| BRENDA SAUNDERS SPRAGUE, in her official capacity as Deputy Assistant Secretary for Passport Services, Bureau of Consular Affairs, US Department of State; and | EXPEDITED CONSIDERATION REQUESTED |
| ADAM E. FOX, in his official capacity as Consular Section Chief[2], US Embassy Tbilisi, Georgia and also individually | |

---

[2] In various correspondence concerning this matter Mr. Fox has, at different times, signed said correspondence as "Consular Section Chief", "Acting Consular Chief", "Assistant Chief", and perhaps other variations. Regardless of such variations he has been the responsible individual.

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION – 1

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 2714 words and 10 pages, inclusive.

/s/ JamesFrankenfield

James Frankenfield, pro se
snowman@csac.org
3939 South 6th St 172
Klamath Falls, OR 97603
Tel: (877) 604-0166

## INTRODUCTION, FACTUAL BACKGROUND

Plaintiff James Frankenfield was born in 1961 in Pennsylvania. In May of 2011 Plaintiff obtained a state-court decree for a name change in California. Upon using this name on a federal form he was promptly arrested on allegations of identity theft. He was ultimately arrested three times over a two year period, although all charges were dropped immediately prior to trial. No social security number has ever been attached to the court order name. As a result of these actions it is clear that the US government does not recognize the name change. They are not required to do by law, although they may opt to on the basis policy and/or precedent. Plaintiff ceased using the court order name after being arrested three times, jailed for 10 days, transported across Oregon in shackles, and having his "mug shot" posted on various unscrupulous websites. He continues to live in fear of these things happening to him again should he use the court-order name in a jurisdiction other than California.

On May 11, 2015 Plaintiff Frankenfield applied to renew his US passport at the United States Department of State consulate in Tbilisi Georgia. He applied in his birth name and listed the court order name under "Other Names Used". He was instructed to apply in this manner by four agents of the Department of State Passport Information Center and also by directly by defendant Sprague.

Over two years later he still resides in Tbilisi with no passport and therefore no ability to travel anywhere. Plaintiff's citizenship is not in question and none of the legislated reasons for denial enumerated in 22 CFR § 51.60 et seq. apply. He has held a US Passport for at least 30 years and his most recent passport was submitted as part of his renewal application as proof of citizenship and identity, per 22 CFR § 51.23(b).

Defendants did not identify issues or deficiencies in connection with Plaintiffs passport application other than failing to supply evidence which was never requested[3] and which remains undefined. The grounds for refusal asserted by Defendant Fox do not relate to Plaintiffs citizenship or allegiance, or to criminal or unlawful conduct. Plaintiff does not seek to acquire a passport for an unlawful or improper purpose.

The US Department of State maintains, and supposedly follows, an extensive Foreign Affairs Manual (FAM). Since this governs all passport adjudication it goes a long way towards ensuring equal protections to all citizen applicants. In the instant case the FAM was not followed on several occasions and numerous sections and clauses were violated.

As a US Citizen by birth, whose citizenship is not in dispute and who has not been denied for reasons enumerated by congress in 22 C.F.R. § 51.60 et seq., Plaintiff is clearly entitled to a US Passport. By constructively denying Plaintiff a passport, Defendants have wholly deprived Plaintiff access to any and all means of lawfully exiting the United States (should he be allowed to return to it) or of traveling anywhere outside his country of residence, thereby denying his constitutional right to travel. During the pendency of the instant proceedings the court should order Plaintiff's constitutional rights to be restored via the issuance of a passport.

## ARGUMENT

A preliminary injunction is necessary. The duration of the instant proceedings are unknown but likely to be significant. Without an injunction and a passport the constitutional liberty interest of freedom of travel is denied to Plaintiff, a US citizen who resides abroad.

---

[3] Defendant Fox has insisted that Plaintiff must apply in his court order name, effectively arguing that his birth name is null and void. This is counter to California law and at odds with the application instructions given by defendant Sprague as well as four other agents of the State Department. This does not constitute *evidence* of any kind, and nothing has been requested in a proper formal manner using an IRL (Information Request Letter) as specified in the Foreign Affairs Manual (FAM).

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION – 4

> Four factors govern temporary restraining orders and preliminary injunctions:
>
> To warrant preliminary injunctive relief, the moving party must show (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction were not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. [*Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations omitted) (preliminary injunction standards). *See also Apotex Inc. v. U.S. Food and Drug Admin.*, – F. Supp. 2d –, WL 2695006, at *3 (D.D.C. 2007) (applying same standards for temporary restraining order).]

"A district court must 'balance the strengths of the requesting party's arguments in each of the four required areas," and "[i]f the showing in one area is particularly strong, an injunction may issue even if the showings in other areas are rather weak." *England*, 454 F.3d at 297.[4]

### I – Plaintiff Is Likely to Prevail on the Merits

Plaintiff is a US citizen by birth, this is not disputed. Issuance of passports to citizens is a ministerial duty and not discretionary. *(Paunescu vs INS 1999, Maciel vs. Rice 2007)* Congress has enumerated specific reasons for the denial of passports to citizens in 22 C.F.R. § 51.60 et seq. and Plaintiff is not being denied for any of these reasons.[5]

---

[4] *England* cited a U.S. Supreme Court case for the proposition that "'[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *id.* (citation omitted), but neither *England* nor the case it cited involved Constitutional rights. So the status quo argument has no applicability to the present case, which should rather be viewed in light of the holding of *Elrod v. Burns*, 427 U.S. 347, 373 (1976), that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *See England*, 454 F.3d at 299 ("*Elrod* involved political speech and freedom of expression"). Where loss of Constitutional freedoms is occurring, maintaining the status quo is unjust and unjustified.

[5] The Secretary of State does not have "unbridled discretion to grant or withhold a passport from a citizen for any substantive reason he may choose," but rather, must do so "pursuant to the lawmaking functions of the Congress". *Kent v. Dulles*, 357 U.S. at 128-29

Given that Plaintiff is clearly, beyond all doubt, a citizen and that the reasons for denial codified in law do not apply, Plaintiff's claim is likely to ultimately succeed on its merits concerning his right to a passport.[5]

The likelihood of success of any other claims, such as damages, is not relevant to this motion for a preliminary injunction and therefore need not be considered at this time.

## II – Plaintiff Will Suffer Irreparable Injury without the Injunction

In addition to having a high likelihood of success on the merits, Plaintiff suffers and will continue to suffer irreparable harm unless he receives the requested injunctive relief. As a US citizen residing abroad Plaintiff is clearly harmed irreparably.

Loss of constitutional liberty interests, for any amount of time, can be considered irreparable harm *prima facie*. The Bill of Rights is a defining part of our culture and identity and to ignore these limitations on governmental powers and to deny the protections of personal liberties is a matter of irreparable harm in its own right.

It is well-established that, as a matter of law, "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Roe v. Anderson*, 134 F.3d 1400, 1405 (9th Cir. 1998) (denial of Fifth Amendment equal protection met irreparable harm threshold); *Jacobsen v. USPS*, 812 F.2d 1151, 1154 (9th Cir. 1987) (deprivation of First Amendment rights supports finding of irreparable harm in preliminary injunction inquiry); *Fisher v. Kealoha*, No. 11–00589 ACK– BMK, 2012 WL 2526923, at *11 (D. Haw. June 29,

2012) (finding that Plaintiff being deprived of a liberty and property interest, and "deprivation of that constitutional right requires a finding of irreparable injury.").

Here, by depriving Plaintiff of his passport without due process, the State Department is preventing Mr. Frankenfield from exercising his fundamental right to travel abroad. *See Kent*, 357 U.S. at 125; *Aptheker*, 378 U.S. at 505*; see also DeNieva*, 966 F.2d at 485 (right to international travel clearly established as liberty interested protected by due process clause of the Fifth Amendment). "The denial of a passport, given existing domestic and foreign laws, is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel." *Aptheker*, 378 U.S. at 507. Such a violation is itself irreparable harm.

As a result of being unable to exercise his fundamental and inalienable constitutional rights, Plaintiff also suffers specific irreparable consequences.

Plaintiff has been unable to return to his own country for over 2 years, and continues to be unable to do so without surrendering his right to live in his country of residence with his job, fiancé and other personal and professional attachments. His mother in the US is nearly 90, alone, and in uncertain health. It is conceivable that Plaintiff will be unable to see his mother again at all, and that he may ultimately have to choose between giving up his life in Georgia to attend a funeral or, in the alternative, to miss a family funeral. This concern recently became heightened when Plaintiff was notified on July 30 that his mother had fallen and been taken to the hospital. As of August 14 she remains in an evaluation and recovery facility for an unknown amount of time.[6]

---

[6] Separation from family members can constitute an irreparable injury. *Andreiu v. Ashcroft*, 253 F.3d 477, 484 (9th Cir. 2001) (en banc) ("[o]ther important [irreparable harm] factors include separation from family members, medical needs, and potential economic hardship.")

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION – 7

Plaintiff is unable to have a proper physical exam or purchase the ideal medications in Georgia for his own heart condition. For two years he has had to use medications with side effects, having exhausted his personal supply of meds from the US. He has also not been able to have a proper and thorough basic medical examination.

Plaintiff has personal property and business to attend to. Furthermore, plaintiff has been unable to travel to any countries outside of the Republic of Georgia for two years for either leisure or business.

Plaintiff has missed and will continue to miss professional conferences and trade shows in the Caucasus region, in Europe, and in the US. He has been unable to maintain and/or renew professional certifications necessary for his profession.

Plaintiff continues to suffer irreparable damage to his personal and family relationships.

Plaintiff continues to experienced severe emotional and mental distress including but not limited to embarrassment, fear, anxiety, nervousness, stress, and depression. This distress manifests itself physically as well, and plaintiff suffers from a variety of symptoms, including but not necessarily limited to frequent severe headaches, chronic debilitating fatigue, and aggravation of existing left ventricle hypertrophy and diastolic dysfunction.

Plaintiff is free of work in Georgia during most of the summer and, after almost three years away, still hopes to return to the United States again prior to resuming work in September. Failure to return prior to resuming his employment duties will greatly amplify the irreparable harm suffered.

### III – The Injunction Will Not Substantially Injure Others

Plaintiff does not seek to acquire a passport for an unlawful or improper purpose. Defendants have not made any claim that their passport denial is caused by criminal or unlawful conduct.

The question of harm to others is inversely proportional to the likelihood of success on the merits. In cases where harms are claimed on both sides, the Court should look to the merits (*Transportation Union*, 450 F.3d at 620,DC Circuit). Given the high likelihood of success on the merits, the likelihood of harm to anyone is proportionally diminished.

Issuing a passport is simply a matter of carrying out a ministerial non-discretionary duty and therefore has no cost to defendants. Likewise there are no problems should the defendants need, for legitimate reasons, to cancel said passport or to reissue one with different parameters.

### IV- Public Interest

It would not be in the public interest to allow a precedent of denying a citizen a passport for an indeterminate time, especially a citizen who resides abroad. The lawful exercise of constitutional rights presumptively serves the public interest, and the equities favor the party exercising those rights. Failure to issue a preliminary injunction runs counter to existing precedent by ignoring the Constitutional protections afforded to US citizens for an indefinite and indeterminate length of time.[7,8]

---

[7] "The Court is not persuaded by the Government's argument that it can simply choose whether or not to adjudicate a United States citizen's passport application, considering the statutes, regulations, and Constitutional protections implicated." *Maciel vs, Rice, 2007, Hon. Lawrence J. O'Neill*

## CONCLUSION

All the required elements for a preliminary injunctive relief are met. No other remedy at law exists, barring a mandamus from the court, which will restore and protect Plaintiffs rights and cease the significant ongoing damages he suffers and will continue to suffer during prolonged litigation. A Preliminary Injunction in circumstances similar to these is not unprecedented.[8] This Court should expeditiously grant the requested injunctive relief.

Dated: August 14, 2017                    Respectfully submitted,


                                          /s/ JamesFrankenfield

                                          James Frankenfield, pro se
                                          snowman@csac.org
                                          3939 South 6th St 172
                                          Klamath Falls, OR 97603
                                          Tel: (877) 604-0166

---

[8] Omar vs. Kerry, N District of California, 15-cv-01760-JSC, Dkt. 14 and 52

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION – 10

**CERTIFICATE OF SERVICE**

I certify that I have on August 14, 2017, served a true and correct copy of this Motion for Preliminary Injunction and Memorandum in Support on the following counsel for all Defendants through the Court's CM/ECF filing system:

    Sean E. Martin, OSB #054338
    Assistant United Stated Attorney
    1000 S.W. Third Avenue, Suite 600
    Portland, Oregon 97204-2902
    Sean.martin@usdoj.gov
    Telephone: (503) 727-1010

    /s/ JamesFrankenfield

    James Frankenfield, pro se
    snowman@csac.org
    3939 South 6th St 172
    Klamath Falls, OR 97603
    Tel: (877) 604-0166

James Frankenfield, pro se
snowman@csac.org
3939 South 6th St 172
Klamath Falls, OR 97603
Tel: (877) 604-0166

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[MEDFORD DIVISION]

| | |
|---|---|
| JAMES FRANKENFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>REX W. TILLERSON, in his official capacity as Secretary of State; and<br><br>BRENDA SAUNDERS SPRAGUE, in her official capacity as Deputy Assistant Secretary for Passport Services, Bureau of Consular Affairs, US Department of State; and<br><br>ADAM E. FOX, in his official capacity as Consular Section Chief, US Embassy Tbilisi, Georgia and also individually | Case No.: 1:17-00679-CL<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION OF A PRELIMINARY INJUNCTION |

This matter comes before the court on Plaintiff Frankenfield's motion for a Preliminary Injunction. Having reviewed the papers in support of the motion and those in opposition to this motion (if any), and being fully advised, the court finds that the Plaintiff has demonstrated both a strong likelihood of success on the merits and that he faces immediate, irreparable injury. Accordingly, Plaintiff is entitled to provisional injunctive relief and the court GRANTS Plaintiffs motion as follows:

1. Defendants are hereby ordered to issue Plaintiff, a US Citizen, a passport or fully equivalent document valid until the court enters a final judgment in the instant case. The passport is to be based on the application submitted on May 11, 2015 in Tbilisi, Georgia which was completed in accordance with instructions from the US Passport Center and Defendant Sprague. The parameters with which the passport is issued are to be determined by Defendants.
2. This Preliminary Injunction will become effective immediately upon entry by the court and a passport will be issued within 10 days.
3. Plaintiff is not required to post any bond or other security.

DATED this \_\_\_\_\_ day of August, 2017.

_____
UNITED STATES DISTRICT COURT JUDGE

Submitted by:  James Frankenfield
              Plaintiff, Pro Se

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION OF A PRELIMINARY INJUNCTION – 2