**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone:  (503) 727-1010
        Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **JAMES FRANKENFIELD**, | Case No. 1:17-cv-00679-CL |
| Plaintiff, | |
| v. | DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| **REX W. TILLERSON,** in his official capacity as Secretary of State; **BRENDA SAUNDERS SPRAGUE,** in her official capacity as Deputy Assistant Secretary for Passport Services, Bureau of Consular Affairs, U.S. Department of States; **ADAM E. FOX,** in his official capacity as Consular Section Chief, U.S. Embassy Tbilisi, Georgia and also individually, | |
| Defendants. | |

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff requests an extraordinary remedy from this Court for a passport in a former name, James Frankenfield, which is not his current legal name, Greg Cox, and that does not match the name on his birth certificate.  Plaintiff already applied for such a passport, and the U.S. State Department denied his application after Plaintiff provided inadequate documentation that his current identity was actually James Frankenfield.

There is no emergency warranting a preliminary injunction.  After his passport application was denied in early October 2016, Plaintiff has failed to re-apply for a passport in his legal name, Greg Cox, or to re-apply with additional documentation to support that his former name, James Frankenfield, comprises his current identity.  Plaintiff has also chosen not to take steps to legally change his name to James Frankenfield.  Further, Plaintiff's long delays in seeking judicial relief and extraordinary equity undercut his claims of irreparable harm.

The State Department stands ready to issue Plaintiff a limited passport in his legal name, Greg Cox, for his direct return to the United States.  That will allow Plaintiff the opportunity to gather and present documentation to support an application for a standard passport in whichever name he chooses.  Alternatively, based on new documentation Plaintiff just now supplied the

Page 2-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*,
Case No. 1:17-cv-00679-CL

State Department during the week of August 21, 2017, the State Department believes Plaintiff may be eligible to receive a standard passport in his legal name of Greg Cox with an endorsement that he is also known as James Frankenfield.

Plaintiff has multiple available avenues to address his travel problem, and he falls well short of establishing an entitlement to the extraordinary equity he seeks in this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2005, Plaintiff was issued a U.S. passport in the name James Frankenfield.  Complaint, ECF 1 at ¶ 25, n.7.  In May 2011, Plaintiff obtained a state-court decree legally changing his name to Greg Cox.  *Id*. at ¶ 19.

In June 2013, using the U.S. passport issued to him in 2005 as James Frankenfield, Plaintiff traveled to the Republic of Georgia and has worked and resided there since.  *Id*. at ¶ 25.

In May 2015, still in the Republic of Georgia, Plaintiff applied to renew his passport, several days before it expired.  *Id*. at ¶ 26 and n.7.  Plaintiff applied using his former name James Frankenfield, rather than his legal name Greg Cox.  *Id*.

To support his passport application, Plaintiff provided a birth certificate in the name of Greg Cox and a copy of a 2011 court order changing his name to Greg Cox. Certified Passport Record at 9, 12. Plaintiff also provided a copy of his 2005-issued passport in the former name of James Frankenfield. *Id*. at 7, 8. Plaintiff did not provide any documentation establishing that his current identity was James Frankenfield rather than Greg Cox. *Id.*

By letter dated October 3, 2016, the U.S. Embassy in Tbilisi, Georgia denied Plaintiff's passport application. ECF 1 at p. 28 (Exhibit C to complaint). The denial letter informed Plaintiff that he must execute a new passport application using his "legal name of Mr. Greg Cox." *Id*. Plaintiff acknowledges that he was instructed to apply in his legal name, but that he "refused" to do so. ECF 1 at ¶ 35.

On May 1, 2017, Plaintiff filed this action. ECF 1. Plaintiff's first two counts allege violations of the Administrative Procedure Act ("APA") with regard to the adjudication of his passport application. *Id*. ¶¶ 62-79. Plaintiff's third count alleges a Constitutional *Bivens* claim against Defendant Fox, in his individual capacity, with regard to the adjudication of the passport application. *Id*. ¶¶ 80-87. Plaintiff's fourth count seeks

mandamus relief compelling Defendants to re-adjudicate his 2015 passport application.  *Id*. ¶¶ 88-93.

On July 14, 2017, Defendants moved to dismiss Plaintiff's third and fourth counts under Fed. R. Civ. P. 12(b).  ECF 26.  Plaintiff has not yet responded to Defendants' motion.

On August 14, 2017, more than three months after filing his action, Plaintiff filed for a preliminary injunction.  ECF 30.  In his motion, Plaintiff requests an order that he be issued a passport "based on the application submitted on May 11, 2015 in Tbilisi, Georgia."  *Id*. at 16.

Plaintiff scheduled an appointment at the U.S. Embassy in Tbilisi for August 15, 2017, to supply additional documentation that his current identity is James Frankenfield.  Declaration of Sean E. Martin ("Martin Declaration"), Exhibit A.  Plaintiff did not attend the scheduled appointment. *Id*.  Plaintiff was informed on August 16, 2017, however, that the State Department was prepared to issue him an emergency passport for direct return to the United States in his legal name of Greg Cox, if Plaintiff desired to make an appointment for such a travel document.  *Id*.

During the week of August 21, 2017, Plaintiff provided further documentation to the U.S. Embassy with regard to his identity as James Frankenfield.  Martin Declaration, Exhibit B.  Based on this documentation,

Page 5-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

the State Department believes Plaintiff may be eligible for a passport in his legal name of Greg Cox, with an endorsement that he is also known as James Frankenfield. *Id.* To this end, Plaintiff was invited to submit a new passport application to the U.S. Embassy in Tbilisi. *Id.*

## STATUTORY AND REGULATORY BACKGROUND

The Secretary of State ("Secretary") and his designees in the State Department are charged by statute with the authority and power to grant and issue U.S. passports. 22 U.S.C. § 211a.

Under this authority, the Secretary promulgated regulations governing the circumstances under which passports may be issued or denied. See 22 C.F.R. § 51. When reviewing an agency's construction and application of its regulations, the courts must give "controlling weight" to the agency's interpretation "unless it is plainly erroneous or inconsistent with the regulation." *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945).

Under the State Department's regulations, a passport is a travel document that establishes both identity and nationality. See 22 C.F.R. § 51.1 (defining a passport as a "travel document regardless of format issued under the authority of the Secretary of State attesting to the identity and nationality of the bearer"); *see also Haig v. Agee*, 453 U.S. 280, 293 (1981) (noting that a passport "is both proof of identity and proof of allegiance to the

Page 6-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

United States"). The State Department's regulations distinguish the two requirements, addressing identity and nationality in two separate subsections. *See* 22 C.F.R. § 51.23 (identity); 22 C.F.R. § 51.40 (nationality).

Under the State Department's regulations, a passport applicant bears the burden of establishing his identity "by the submission of a previous passport, other state, local, or federal government officially issued identification with photograph, or other identifying evidence which may include an affidavit of an identifying witness."  22 C.F.R. § 51.23(a) and (b). The State Department "may require such additional evidence of identity as it deems necessary."  *Id.* at § 51.23(c).

Issuance of a passport is not a ministerial, non-discretionary act.  A passport application "will be denied" if the applicant fails to satisfy his burden to establish his identity.  22 C.F.R. § 51.65(b). "Thereafter, if an applicant wishes to pursue a claim of entitlement to passport issuance, he or she must submit a new application and supporting documents, photographs, and statements in support of the application, along with applicable application and execution fees."  *Id.*

The State Department's regulations also allow for issuance of a limited passport for direct return to the United States in cases where an applicant is

otherwise ineligible for a passport for international travel.  *See* 22 C.F.R. §§ 51.60(a), 51.60(c)(3), 51.62.

## LEGAL BACKGROUND

### I.    Standard for granting a preliminary injunction.

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 688–90 (2008) (citations and quotation omitted).  A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). The plaintiff "must establish that irreparable harm is likely, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit has "glossed that standard by adding that there is a 'sliding scale' approach which allows a plaintiff to obtain an injunction where he has only shown serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Developmental Serv. Network v. Douglas*, 666 F.3d 540, 544 (9th Cir. 2011) (internal quotes and citations omitted).

Here, Plaintiff seeks a disfavored "mandatory" injunction for the affirmative issuance of a passport in a former name rather than his legal name. Courts are "extremely cautious" about issuing "mandatory" injunctions. *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009).

## II.    Standard for judicial review of the merits of Plaintiffs' claims.

The first two counts in Plaintiff's complaint seek judicial review under the Administrative Procedure Act (APA).[1]  Under the APA, this Court may set aside a "final agency action" only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Review under the arbitrary and capricious standard is narrow, and we do not substitute our judgment for that of the agency." *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir.2008) (en banc) (internal quotation and alterations omitted), *overruled on other grounds by Winter*, 555 U.S. 7.

---

[1]    Defendants focus on Plaintiffs' first two counts.  As explained in Defendants' pending motion to dismiss, Plaintiff's third and fourth counts are not viable and should be dismissed on threshold grounds. *See* ECF 26. Plaintiff also concedes that his *Bivens* claim for damages is "not relevant" to his motion for preliminary injunction.  ECF 30, Plaintiff's memorandum at 6.

Page 9-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
           PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*,
           Case No. 1:17-cv-00679-CL

The "arbitrary and capricious" standard is "highly deferential, presuming the agency action to be valid and [requires] affirming the agency action if a reasonable basis exists for its decision." *Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006) (internal quotation omitted).

An agency decision is arbitrary and capricious "only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Lands Council*, 537 F.3d at 987 (internal quotation omitted).

## ARGUMENT

## I.    Plaintiff fails to establish a likelihood of irreparable harm.

"Preliminary injunctive relief is available only if plaintiffs 'demonstrate that irreparable injury is likely in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d 1067, 1081 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 22 (2008)) (noting that *Winter* rejected the Ninth Circuit's "possibility of irreparable harm" test).

Plaintiff fails to establish a likelihood of irreparable harm if he is not granted a passport in his former name. There are steps that Plaintiff could take to position himself for the issuance of a passport. Plaintiff has refused

to re-apply for a passport in his current legal name, Greg Cox, and has not re-applied in his former name, James Frankenfield, while providing further documentation of his identity in that name.  Where a previous passport has been denied, 22 C.F.R. § 51.65(b) states that "if an applicant wishes to pursue a claim of entitlement to passport issuance, he or she must submit a new application and supporting documents . . . ."  Nor has Plaintiff taken steps to legally change his name back to James Frankenfield.

The State Department is poised to issue Plaintiff a limited passport for his direct return to the United States in his legal name of Greg Cox, should he apply.  Martin Declaration, Exhibit A.  Once he has returned to the United States under a limited passport, Plaintiff may undertake the steps to complete a legal name change to James Frankenfield or otherwise supply the State Department with adequate documentation that his former name comprises his current identity.

Further, should Plaintiff choose to apply for another passport, the State Department believes that newly-provided documentation from Plaintiff may make Plaintiff eligible for a standard passport in his current legal name of Greg Cox with an endorsement that he is also known as James Frankenfield. Martin Declaration, Exhibit B.

Plaintiff's delay in seeking extraordinary equity also undermines his

Page 11-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

allegations of irreparable harm.  *See Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

Here, Plaintiff delayed both in bringing his lawsuit and in moving for preliminary injunctive relief.  Plaintiff claims he has "suffered irreparable harm for over two years."  ECF 30, Plaintiff's motion at 2.

But Plaintiff chose to wait for two years after applying for the passport -- and seven months after his passport was denied -- to file this action, and then another three-and-one-half months before seeking extraordinary equity. Plaintiff's delays weigh heavily against a showing of irreparable harm.  *See, e.g., Valeo Intellectual Prop., Inc. v. Data Depth Corp.*, 368 F. Supp. 2d 1121, 1128 (W.D. Wash. 2005) (three-month delay between filing suit and seeking injunctive relief was inconsistent with a finding of irreparable harm); *Playboy Enters., Inc. v. Netscape Commc'ns Corp.*, 55 F. Supp. 2d 1070, 1080, 1090 (C.D. Cal. 1999) (five-month delay weighed against a finding of irreparable harm).

For these reasons, Plaintiff fails to establish a likelihood of irreparable harm that would warrant issuance of a disfavored mandatory preliminary injunction.

Page 12-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

**II.    Plaintiff fails to establish a likelihood of success on the merits.**

Plaintiff fails to establish any likelihood of success in establishing that the State Department's denial of his passport application was arbitrary and capricious.  "We must give substantial deference to an agency's interpretation of its own regulations." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994) (citation and internal quotation marks omitted).

Plaintiff sought a passport application in a former name rather than his current legal name, and provided no recent documentation that this former name comprised his current identity.  *See* Certified Passport Record. Plaintiff supplied a birth certificate in his legal name of Greg Cox, and a copy of a 2011 court order documenting his name change to Greg Cox.  *Id*. at 9, 12. These two documents conflicted with his request for a passport issued in a former name, James Frankenfield.  The certified passport application record shows that Plaintiff provided no documentation that his former name constituted his current identity.  Therefore, a rational basis existed for the State Department's decision to deny Plaintiff a passport in the Frankenfield name.  Plaintiff did not meet his burden of establishing that his identity was actually James Frankenfield rather than Greg Cox.  *See* 22 C.F.R. § 23.

As the Supreme Court has explained, international travel is not an absolute right: "the freedom to travel outside the United States must be

Page 13-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

distinguished from the right to travel within the United States." *Haig v. Agee*, 453 U.S. 280, 307 (1981) (internal quotation and citation omitted). While the right of interstate travel is "virtually unqualified," the "right" to travel internationally is "subject to reasonable governmental regulation." *Id*. at 306-07 (internal quotation and citation omitted).

Here, it was reasonable for the State Department to require that Plaintiff seek a passport in his legal name as provided for in the documents Plaintiff submitted in support of the application at issue.  Given the dearth of documentation presented that his current identity was actually James Frankenfield, it was reasonable for the State Department to deny the application for a passport in that name.

The decision to deny Plaintiff's passport application was neither arbitrary nor capricious.  The State Department's path to its decision may "reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974).

## III.   The equities and the public interest do not favor a preliminary injunction.

The balance of equities and consideration of public interest factors are also "pertinent in assessing the propriety of any injunctive relief," and the Court must weigh them with "serious consideration." *Winter*, 555 U.S. at 27,

32. When the government is a party, these two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Here, Plaintiff fails to establish that the equities and the public interest support any entitlement to a passport in a former name rather than his current legal name. In his passport application, Plaintiff failed to supply documentation that his current identity is actually his former name. And Plaintiff has failed to re-apply for a passport with additional documentation, and failed to take steps within his control to legally change his name to James Frankenfield. Meanwhile, the State Department stands ready to process a new passport application, should Plaintiff choose to avail himself of this option.

It is equitable and in the public interest to require adequate proof of an individual's current identity before allowing the privilege of international travel. The equities and the public interest do not favor a preliminary injunction.

//

//

//

//

//

Page 15-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

## CONCLUSION

For these reasons, this Court should deny Plaintiff's motion for a preliminary injunction.

Dated this 28th day of August, 2017.

Respectfully Submitted,

BILLY J. WILLIAMS
United States Attorney
District of Oregon

*/s/ Sean E. Martin*
SEAN E. MARTIN
Assistant United States Attorney

Page 16-    DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
PRELIMINARY INJUNCTION; *Frankenfield v. Tillerson, et al.*,
Case No. 1:17-cv-00679-CL