James Frankenfield, pro se
snowman@csac.org
3939 South 6th St 172
Klamath Falls, OR 97603
Tel: (877) 604-0166

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

[MEDFORD DIVISION]

| | |
|---|---|
| JAMES FRANKENFIELD,<br><br>    Plaintiff,<br><br>    v.<br><br>REX W. TILLERSON, in his official capacity as Secretary of State; and<br><br>BRENDA SAUNDERS SPRAGUE, in her official capacity as Deputy Assistant Secretary for Passport Services, Bureau of Consular Affairs, US Department of State; and<br><br>ADAM E. FOX, in his official capacity as Consular Section Chief[1], US Embassy Tbilisi, Georgia and also individually<br><br>    Defendants. | Case No.: 1:17-00679-CL<br><br><br>PLAINTIFF FRANKENFIELD'S NOTICE OF WITHDRAWAL OF MOTION FOR PRELIMINARY INJUNCTION |

---

[1] In various correspondence concerning this matter Mr. Fox has, at different times, signed said correspondence as "Consular Section Chief", "Acting Consular Chief", "Assistant Chief", and perhaps other variations. Regardless of such variations he has been the responsible individual.

NOTICE OF WITHDRAWAL - MOTION FOR A PRELIMINARY INJUNCTION – 1

TO THE COURT AND DEFENDANTS AND THEIR COUNSEL:

PLEASE TAKE NOTICE that Plaintiff hereby withdraws his Motion for Preliminary Injunction (ECF Document 30 filed August 14, 2017), without prejudice to renewing said motion in the future if necessary. Withdrawal is based on a passport being issued to Plaintiff in Tbilisi, Georgia on September 22, 2017. The preliminary relief that was sought is therefore not necessary at this time.

This passport was issued after adjudication of a new application and payment of a new fee. The new application was not substantively different from the original one, nor was the evidence available. Plaintiff's statement of identity from the second application is attached as Exhibit A.

The Social Security Administration, with assistance from CBP in one instance, has previously seized and confiscated documents in the court decree name which is used in this passport. Plaintiff reserves his right to renew his Motion for Preliminary Injunction, should a change in circumstances require it.

Plaintiff further reserves the right to seek final judgment on the remaining counts of his claim or on any amended complaint that may be filed.

Dated: September 27, 2017                Respectfully submitted,

                                         /s/ JamesFrankenfield

                                         James Frankenfield, pro se
                                         snowman@csac.org
                                         3939 South 6th St 172
                                         Klamath Falls, OR 97603
                                         Tel: (877) 604-0166

## CERTIFICATE OF SERVICE

I certify that I have on September 27, 2017, served a true and correct copy of this Notice of Withdrawal of Motion for Preliminary Injunction on the following counsel for all Defendants through the Court's CM/ECF filing system:

Sean E. Martin, OSB #054338
Assistant United Stated Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902
Sean.martin@usdoj.gov
Telephone: (503) 727-1010


/s/ JamesFrankenfield

James Frankenfield, pro se
snowman@csac.org
3939 South 6th St 172
Klamath Falls, OR 97603
Tel: (877) 604-0166

# Exhibit A – Passport Application Statement – p. 1

**Citizenship/Identity Statement for Second Passport Application**

James Frankenfield

September 13, 2017

This application is a re-application as requested by Assistant US Attorney Sean Martin in Portland, Oregon and agreed to in a hearing with the Honorable Ann L. Aiken in Oregon District Federal Court on August 29, 2017. (Case D.Or._1-17-cv-00679 ) A second fee is being paid as well. The original application was filed in Tbilisi, Georgia on May 11, 2015 with Mr. Adam Fox. It was denied for failing to provide evidence, although no specific evidence was ever requested in accordance with 7 FAM 1310 Appendix C Summary (c) using the procedures specified in 7 FAM 1300 Appendix T.

This statement is part of the re- application and should be included in the Administrative Record.

Applicant's previous passport was submitted on May 11th, 2015 with his first application. Therefore it cannot be included again with this application, but it is presumed that the State Department has possession of, and access to, that passport. This serves as documentation of citizenship and identity (see 22 CFR 51.23).

During the previous application process Mr. Adam Fox and Special Agent Jason Pfistner interviewed Mr. Frankenfield and clarified a name change which they had discovered. The name change decree and an amended birth certificate were in their possession and should be part of the existing record. Agent Pfistner requested applicant's cell phone and wallet and requested permission to copy the contents of the wallet. Applicant agreed and this information was available as of May 11, 2015 although it does not appear to be in the administrative record as submitted to the District of Oregon Federal Court by Mr. Sean Martin.

Mr. Frankenfield explained that after changing his name he was arrested three times by the Social Security Administration on allegations of false swearing and identity theft for using his court decree name. As a result he immediately ceased using that name and has no valid identification in that name to submit. Furthermore, the Social Security Administration does not have any identity number attached to that name making it impossible to use for banking or other official purposes. As a result the applicant has continued to use his birth name, exclusively. He does not use two or more distinct names concurrently and openly, only his birth name of James Frankenfield. This was explained on May 11th, 2015 and numerous times since then.

# Exhibit A – Passport Application Statement – p. 2

Following the May 11, 2015 application the applicant was put under investigation. (This was confirmed in email correspondence between Mr. Fox and Ms. Meier in the office of Senator Wyden.) After five months applicant was told that the consulate had been waiting on Social Security so it is clear that the State Department and the Social Security Administration communicated concerning this situation. The Social Security Administration has extensive information on the identity of applicant, including copies of the contents of his wallet taken during several arrests. This information could be requested from Social Security. In an investigation lasting five months it is assumed that this has already been available and that it was reviewed within a few months of the original passport application over two years ago.

At the time of his arrests the applicant did have some non-official identification in the court order name and this was seized. It was never returned, even upon request by the applicant following the dismissal of all charges (without prejudice). The disposition of those items is unknown and applicant cannot provide them. However, they may be available from the social security administration. Plaintiff no longer has any identity evidence in a name other than James Frankenfield aside from a state court decree and an amended birth certificate. (Applicant does not keep his birth certificate, original or amended, with him abroad and cannot submit that. However, Social Security looked into that in depth, corresponded with Pennsylvania, and obtained official copies of both amended and original which should be in their files.)

On July 28, 2017 Mr. Martin requested evidence from Mr. Frankenfield demonstrating that he uses only his birth name. Four document pages in electronic form were sent to Mr. Martin on August 3, 2017 and they are attached to this statement. Applicant was then instructed to take these same documents in paper form to the Tbilisi consulate, which he did on August 22, 2017. They were sent back to the US, presumably in electronic format again. These documents have been available since July 28, 2017 via Sean Martin and since August 22, 2017 via the consulate.

These documents shed no new light on the case which was not available when the original application was submitted. One page has copies of the entire current contents of Mr. Frankenfield's wallet, which is what he carries with him on a regular basis. It is not any different than the copies made on May 11, 2015 by Agent Pfistner in the presence of Mr. Fox. Nor should it differ significantly from the copies made by Agent Dale Ortmann of Social Security during his three arrests. The other three pages are banking statements, which cannot possibly be put into applicants court order name anyway since it has no social security number associated with it. This should have been clear since his interview in May 2015.

It remains unclear to the applicant why a new application and new fee are required given that nothing has changed and that all documentation provided here (plus more) was available as of May 2015. Hopefully there is sufficient information to determine the name which the US Government feels best identifies the applicant, in accordance with 7 FAM 1300 Appendix C (f). It is unfortunate that Mr. Fox was, for some reason, unable or unwilling to make such a determination two years ago.

/s/  James Frankenfield

NOTICE OF WITHDRAWAL - MOTION FOR A PRELIMINARY INJUNCTION – 5