**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
        Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **JAMES FRANKENFIELD**, | Case No. 1:17-cv-00679-CL |
| Plaintiff, | |
| v. | DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PARTIALLY DISMISS UNDER FED. R. CIV. P. 12(b)(6) |
| **REX W. TILLERSON,** in his official capacity as Secretary of State; **BRENDA SAUNDERS SPRAGUE,** in her official capacity as Deputy Assistant Secretary for Passport Services, bureau of Consular Affairs, U.S. Department of States; **ADAM E. FOX,** in his official capacity as Consular Section Chief, U.S. Embassy Tbilisi, Georgia and also individually, | |
| Defendants. | |

As Defendants explain below, count three of Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).  If this Court agrees with Defendants on count three, this Court should dismiss this action because there are no other remaining counts.

On September 22, 2017, the State Department provided a new passport to Plaintiff.  ECF 40.  Plaintiff therefore concedes counts one, two, and four from his complaint and agrees to dismiss Defendants Rex. W. Tillerson and Brenda Saunders Sprague.  ECF 39, Plaintiff's response at 3 ("Should Defendants issue the Plaintiff a passport then Counts 1, 2, and 4 will become moot and Defendants Tillerson and Sprague will no longer be relevant.").

Defendants also address the premature and inappropriate request for leave to amend that is contained in Plaintiff's response to Defendants' motion.

## ARGUMENT

**I.    Plaintiff's third count for *Bivens* relief against Defendant Fox is barred because he had a remedy under the APA.**

Plaintiff acknowledges that the essence of his third count is a challenge to the denial of his passport application.  ECF 39, Plaintiff's reply at 9.  But Plaintiff has available APA remedies for this denial.  Indeed, Plaintiff's two

lead counts challenged the adjudication of his application. These available APA remedies bar Plaintiff's *Bivens* claim as a matter of law.

Controlling case law establishes that it is appropriate to dismiss Plaintiff's *Bivens* claim. In *Wilkie v. Robbins*, 551 U.S. 537, 552-54 (2007), the Supreme Court determined that the APA was an adequate alternative remedy for unfavorable agency actions and that a *Bivens* claim was not an available remedy. *See Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1125 (9th Cir. 2009). In *Western Radio*, the Ninth Circuit squarely held that an APA remedy constitutes an alternative, existing process that bars a *Bivens* claim in a civil action. *See Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1122 (9th Cir. 2009). "[T]he APA leaves no room for *Bivens* claims based on agency action or inaction." *Id.* at 1123.

In this action, Plaintiff invoked available APA remedies to challenge the earlier denial of his passport application. This bars his *Bivens* claim regarding the earlier denial. As *Western Radio* emphasized, the APA is "vast in scope" and provides available procedures "where no other adequate alternative remedy exists." *Id.* Similarly, although the APA does not provide for monetary damages, the APA's design "raises the inference that Congress expected the Judiciary to stay its *Bivens* hand," and "provides a convincing

Page 3-    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
          PARTIALLY DISMISS; *Frankenfield v. Tillerson, et al.*, Case No.
          1:17-cv-00679-CL

reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* (internal quotations omitted).

Plaintiff's response to Defendants' motion fails to acknowledge *Wilkie* or the Ninth Circuit's ruling in *Western Radio*. Instead, he attempts to rely on earlier rulings in *Carlson v. Green*, 446 U.S. 14 (1980), and *Davis v. Passman*, 442 U.S. 228 (1979). But neither case addressed the availability of an APA remedy, and both *Wilkie* and *Western Radio* distinguished *Carlson* and *Davis* from those where an APA remedy was present. *See Wilkie*, 551 U.S. at 549-50; *Western Radio*, 578 F.3d at 1119. Plaintiff also cites *Linlor v. Polson*, 2017 WL 2955520 (E.D. Va. July 11, 2017), but that case, again, did not involve any available APA remedy.

Plaintiff attempts to distinguish several of this Court's rulings dismissing *Bivens* claims when there were available APA remedies. ECF 39, Plaintiff's response at 11. But his attempts fall short, because it is the availability of an APA remedy that is dispositive, not whether or not an APA remedy relates to "discretionary permitting" or which constitutional right is supposedly at issue in a *Bivens* claim. Further, this Court's prior rulings addressed situations where APA claims were brought in federal court, just as Plaintiff here brought APA claims alongside a *Bivens* claim for the same passport denial. *Western Radio Servs. Co. v. U.S. Forest Service*, No. 04-cv-

Page 4-    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
            PARTIALLY DISMISS; *Frankenfield v. Tillerson, et al.*, Case No.
            1:17-cv-00679-CL

01346-AA, 2008 WL 427787 (D. Or. Feb. 12, 2008), *aff'd*, 578 F.3d 1116 (9th Cir. 2009); *Occupy Eugene v. U.S. General Services Administration,* No. 6:12-cv-2286-MC, 2013 WL 6331013 (D. Or. December 3, 2013).

For these reasons, this Court should dismiss Plaintiff's third count.

## II. This Court should dismiss Plaintiff's fourth count for mandamus relief.

With the issuance of a new passport to him, Plaintiff conceded that his mandamus claim is moot. ECF 39, Plaintiff's response at 3. As Defendants established, moreover, Plaintiff's fourth count is not viable for two independent reasons. First, Plaintiff's 2015 passport application was adjudicated, and granting his application was not a nondiscretionary and ministerial duty. Second, Plaintiff had an adequate remedy available with his APA claims regarding the denial of his 2015 passport application. *See* ECF 26, Defendants' motion at 7-9.

For these reasons, this Court should dismiss Plaintiff's fourth count.

## III. Plaintiff's request for leave to amend is premature and inappropriate.

Plaintiff's response to Defendants' motion requests leave to amend his complaint. ECF 39, Plaintiff's reply at 3, 8, 14. This request is premature and inappropriate, because Plaintiff has not conferred with Defendants'

Page 5-   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO PARTIALLY DISMISS; *Frankenfield v. Tillerson, et al.*, Case No. 1:17-cv-00679-CL

counsel on amendment, nor indicated how he would amend his complaint. *See* LR 7-1(a).

Leave to amend may not be appropriate, should Plaintiff choose to seek leave, because he has not indicated how amendment would make his *Bivens* count viable. Defendants reserve their rights to review any proposed amended complaint and file a response to a motion from Plaintiff requesting leave to amend. Defendants emphasize that given the plain availability of APA remedies for his prior passport denial, any attempt by Plaintiff to revive his *Bivens* claim appears futile. "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Plaintiff's request for leave to amend is also inappropriate, because this Court's rules bar combining a motion "with any response, reply, or other pleading." LR 7-1(b). *Gartner v. United States*, No. 6:16–cv–01680–JR, 2017 WL 1731693 * 2 (D. Or. May 1, 2017); *Harley-Davidson Credit Corp. v. Turudic*, 2012 WL 5411771 at * 1 (D. Or. Nov. 6, 2012) ("Accordingly, insofar as the parties file motions in combination with any of their responses or replies, they are in violation of Local Rule 7–1 and are denied."). To seek leave to amend, Plaintiff must confer and then file a motion for leave

Page 6-    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
          PARTIALLY DISMISS; *Frankenfield v. Tillerson, et al.*, Case No.
          1:17-cv-00679-CL

disclosing the proposed amendment and how his amended pleading would be viable and otherwise appropriate.

## CONCLUSION

For these reasons, this Court should dismiss Plaintiff's third count for *Bivens* relief, and dismiss this action because there are no remaining claims given Plaintiff's concession of his first, second, and fourth counts and agreement to dismiss Defendants Tillerson and Sprague.

Dated this 28th day of September, 2017.

                                                Respectfully Submitted,

                                                BILLY J. WILLIAMS
                                                United States Attorney
                                                District of Oregon

                                                */s/ Sean E. Martin*
                                                SEAN E. MARTIN
                                                Assistant United States Attorney